**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Aubrey Ann Arndt,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-16-02579-PHX-DJH<br><br>**ORDER** |

Before the Court is Plaintiff Aubrey Ann Arndt's ("Arndt") Motion for Attorney Fees and Costs.[1] As explained below, Arndt's Motion will be granted.

**I.  BACKGROUND**

In 2010, Arndt sought reinstatement of Social Security Administration disability benefits, which she was originally awarded at the age of 18 due to mental impairments. (Doc. 17 at 1). A hearing was held on November 29, 2012, but Arndt was denied benefits by the Administrative Law Judge ("ALJ"). (*Id.* at 2) This ruling was remanded back to the ALJ by the Appeals Council for further development of the record. (*Id.* at 3) A subsequent hearing was held in front of the same ALJ on November 14, 2014. (*Id.*) Again, the ALJ determined that Arndt was not disabled and therefore not entitled to benefits. (*Id.* at 5) Thus, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration ("the Commissioner").

On July 29, 2016, Arndt filed a Complaint in this Court seeking review of the

---

[1] Arndt filed an Application. (Doc. 19). The Court will construe her Application as a Motion for Attorney Fees and Costs.

Commissioner's denial of disability benefits. (Doc. 1). On March 30, 2018, this Court reversed and remanded the ALJ's decision with instructions to award benefits. (Doc. 17). In doing so, the Court found that the ALJ committed multiple errors, including rejecting testimony by treating physicians, erring in the five-step analysis, and disregarding Arndt's credibility. (*Id.* at 6–15) Having found that the ALJ committed legal error and that the record was fully developed, this Court directly awarded benefits, holding that had the ALJ properly credited Arndt's physicians' testimony, "the Commissioner would be required to find Plaintiff disabled. Thus, no further proceedings are necessary to develop this substantial record." (*Id.* at 17)

As the prevailing party pursuant to 42 U.S.C. § 405(g), Arndt now seeks an award of attorney fees and costs in the total amount of $13,422.95[2] under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"). (Doc. 19). The Commissioner filed a Response in opposition to Arndt's Motion, arguing that the Commissioner's position was substantially justified and, in the alternative, that the amount requested should be reduced for being unreasonable. (Doc. 20). Arndt filed a Reply, requesting an additional $491.97 for the hours required to draft the Reply. (Doc. 21 at 6).[3]

## II. LEGAL STANDARDS

The EAJA states that a court "shall" award attorney fees and costs to a prevailing party in proceedings for judicial review of an agency action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The "substantially justified" standard has been described as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person" and "reasonable in both law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Because of the similarity between this standard and the substantial evidence standard, when an agency's

---

[2] This amount comprises $13,022.95 in attorney fees and $400.00 in court costs. (Doc. 19 at 1–2).

[3] Having been fully briefed, the Court determines that no oral argument is necessary. Fed. R. Civ. P. 78(b).

decision is found to have not been supported by substantial evidence it is a "strong indication that the 'position of the United States' . . . was not substantially justified." *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013) (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)). The Ninth Circuit has also recognized that "the 'shall . . . unless' language of the EAJA creates the presumption of a fee award." *United States v. 313.34 Acres of Land, More or Less, Situated in Jefferson Cty., State of Wash.*, 897 F.2d 1473, 1477 (9th. Cir. 1989) (citing *United States v. First Nat'l Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984)). Thus, the government bears the burden of proving that the "position of the United States" was substantially justified as it relates to both the underlying agency action and its litigation position. *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013).

In *Meier*, the Court reversed a denial of EAJA fees after it had previously awarded benefits to the plaintiff. *Meier*, 727 F.3d at 872–73. The *Meier* Court took care to note that it had applied the "deferential" substantial evidence standard of review to the ALJ's action when it decided to award the benefits. *Id* at 72. The ALJ's determinations could not even pass this low standard of review, and the Commissioner failed to show they were based on substantial evidence. *Id.* Given "significant similarity between this standard and the substantial justification standard," the Court found substantial justification for the ALJ decision, and therefore for the underlying agency action, to be lacking. *Id.*; *see also id.* ("[I]t will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'")[4] (citing *Thangaraja*, 428 F.3d at 874 (quoting *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002))).

Under the EAJA, an award of attorney fees must be "reasonable." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) ("The most useful starting point for determining the

---

[4] In *Campbell v. Astrue*, 736 F.3d 867 (9th Cir. 2013), the agency's decision was reversed but found to be substantially justified. In that case, the ALJ had to determine if the plaintiff was disabled in 1996, but only had medical records from 1989 and 2000. *Id.* at 868. The *Campbell* Court distinguished *Meier* saying in that case the ALJ only had to determine if the claimant was presently disabled with the claimant's own testimony and the testimony of the claimant's physician. *Id.* In *Campbell*, while the ALJ erred, the need to "extrapolate" the claimant's injuries in the past made the finding substantially justified. *Id.* at 868–69. No such extraordinary circumstances exist in the present case.

- 3 -

amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Additionally, a court must consider the results obtained, and if the plaintiff received "excellent results" her attorney should receive a full fee, even if the plaintiff does not receive everything from the court that she requested. *Sorenson*, 239 F.3d at 1147. The amount should also include costs of litigating the award for attorney fees. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 166 (1990).

## III. ANALYSIS

The Commissioner opposes Arndt's Motion, arguing that the position of the government was substantially justified. First, the government argues that the testimony of treating physician Dr. Williams was permissibly dismissed by the ALJ because the ALJ had enough reasons to do so based in law and fact. (Doc. 20 at 3–4). Second, the government asserts that the ALJ also properly discounted treating physician Dr. Holland's testimony for similar reasons. (*Id.* at 5–6). Third, the government says it was reasonable in rejecting Arndt's own symptom allegations, including her own testimony, because the ALJ's decision contained only harmless error and was supported by other sufficient justifications. (*Id.* at 6–8). Lastly, the government contends that the ALJ's five-step analysis was supported by substantial evidence because the residual functional capacity finding incorporated evidence the ALJ found reliable and excluded allegations the ALJ found dubious. (*Id.* at 8). The Court is not persuaded.

### A. Substantially Justified Position

The Commissioner raises arguments that, had they had merit, would have led this Court to uphold the ALJ's decisions in the previous stages of this litigation. While the Court did find that the ALJ ignored Dr. Williams' evaluation of Arndt based on one sentence in his letter, this was coupled with the ALJ turning a blind eye to the extensive medical evidence his testimony provided. (Doc. 17 at 9). Thus, the Court found that the ALJ erred not merely by impermissibly basing his decision on the single sentence, but also by giving "no weight" to the rest of Williams' evaluation and arriving at an unreasonable

conclusion. (*Id.*) Had the Court believed the ALJ made his decision with other valid reasons based on substantial evidence in the record, the Court would have so ruled. This issue has already been litigated, and as previously, the Court determines that the ALJ's decision erroneously ignored Williams' medical summation in an unreasonable manner because of the heavy evidence in favor of Williams' testimony. *See Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014) ("an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it . . . or criticizing it with boiler plate language that fails to offer a substantive basis for his conclusion.").

The Commissioner further contends that the ALJ properly rejected treating physician Dr. Holland's testimony because it was conclusory, contradictory, and based on Arndt's subjective symptom reports. (Doc. 20 at 5). Similar to the ALJ's dismissal of Dr. Williams' testimony, the ALJ also rejected the testimony of Dr. Holland in a manner that ignored the evidence before him. ". . . [A] review of the entire record reflects" medical treatment given by Dr. Holland that gives a basis for his testimony that is more than merely conclusory. (Doc. 17 at 10). In fact, the Court found the real contradiction to be in the ALJ's decision for dismissing Dr. Holland, for opining on Arndt's ability to work and for simultaneously not giving an opinion. (*Id.* at 10) Again, the ALJ's decision as it relates to Dr. Holland was baseless in law and fact and without substantial evidence, leading to the conclusion it was without substantial justification.

The Commissioner also asserts that the ALJ properly rejected Arndt's symptom allegations and personal testimony since any incorrect findings of the ALJ were harmless error with other grounds for justification. (Doc. 20 at 6–7). However, while the Court took care to note that "Plaintiff's testimony, albeit two years apart, is consistent with" her alleged symptoms, the Court has already reviewed the full record upon which the ALJ based his decision and found that his credibility finding was not supported by evidence. (Doc. 17 at 14). The Court did not give approval to any other reason for discounting Arndt's testimony because had the ALJ properly examined the record he would not have arrived at the conclusion he did.

The Commissioner also argues that the ALJ's five-step analysis was justified because it excluded evidence the ALJ found unreliable. (Doc. 20 at 8–9). However, impermissibly excluding or discounting evidence, such as physician testimony and Arndt's own testimony, was precisely one of the ways in which the ALJ erred as discussed above. Had the ALJ properly evaluated the medical records and testimony of those very individuals he ignored, he would not have erred in the five-step analysis. This mistake was unreasonable and without justification.

This Court not only reversed the ALJ but remanded with instructions to directly award benefits because of the substantial, well-developed record that the ALJ failed to consider when discounting the physicians' testimony, disregarding Arndt's credibility and erring in the five-step analysis. (Doc. 17 at 17). No extraordinary circumstances exist that can make the ALJ's decision more reasonable. Moreover, no remand was necessary as the record had been fully developed, leading this Court to conclude that the severity of the ALJ's error warranted a direct award. (*Id.*) Therefore, the government has not established that the Commissioner's position was substantially justified. Having found that the underlying agency action was done without substantial justification, this Court does not need to analyze whether the Commissioner's litigation position was substantially justified since "[t]he government's position must be substantially justified at each stage of the proceedings." *Meier*, 727 F.3d at 872 (quoting *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008)).

### B. Reasonableness

The Commissioner argues in the alternative that if the Court is to award attorney fees in this case, that the award should be reduced for being unreasonable. The Court finds no reason to do so.

The Ninth Circuit requires case-by-case determinations of what is a reasonable number of hours provided by counsel in a given case and forbids using pre-set ranges when determining what is reasonable in routine cases, categorizing these types of "de facto caps" as an abuse of discretion. *Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132, 1136–37

(9th Cir. 2012) (*en banc*) ("Indeed, we question the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court."). Courts should usually "defer to the winning lawyer's professional judgment as to how much time [she] was required to spend on the case." *Id.* at 1136 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2012) (internal quotation marks omitted). However, a district court may decline to award attorney fees for purely clerical tasks, "such as filing documents and preparing and serving summons." *Neil v. Comm'r of Social Sec.*, 495 Fed. Appx. 845, 847 (9th Cir. 2012) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)). Once the number of hours is determined, it is multiplied by the EAJA's statutorily-set hourly rate after the rate is adjusted for "cost of living" and "special factor" increases. *Sorenson*, 239 F.3d at 1145. "Cost of living" increases are calculated by "multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ("CPI–U") for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." *Thangaraja*, 428 F.3d at 877.

Considering the extensive, voluminous administrative record in this case and the direct award that Arndt obtained as a result of her Counsel's work, the number of hours for which Arndt requests compensation are reasonable. However, the Court agrees with the Commissioner's contention that certain tasks Arndt's Counsel listed were inappropriately billed. (Doc. 20 at 11). In particular, the Commissioner contests an entry for .7 hours labeled as "Review and prepare Complaint, three summonses, and Civil Cover Sheet," entry for .3 hours labeled "Complaint filed, Civil Cover Sheet, and Summonses," and an entry for .2 hours labeled "Receive and review court's email re Summonses issued; docket deadlines for completion of Service on Defendant Social Security and deadline for Defendant to answer." (Doc. 19-1 at 2). The Court finds that these last two items totaling .5 hours are purely clerical and not appropriate for an attorney fee award. *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (reducing an award to remove time for filing

documents, obtaining transcripts, and document organization). The first item contested, however, includes things not purely clerical in nature, namely preparing the Complaint, the Summonses, and the Cover Sheet. Therefore, the Court in its discretion declines to remove those .7 hours from the total. Lastly, to account for the time Arndt's Counsel took to reply to the Commissioner's Response, 2.5 hours will be added to the total. (Doc. 21 at 6); *see Comm'r, I.N.S.*, 496 U.S. at 166 ("The purpose and legislative history of the statute reinforce our conclusion that Congress intended the EAJA to cover the cost of *all phases* of successful civil litigation addressed by the statute.") (emphasis added). Thus, Arndt's Counsel is entitled to fees for a total of 69.1 hours.[5]

These hours are then multiplied by the statutory EAJA hourly rate after the rate is adjusted for "cost of living" and any applicable "special factors.[6]" The standard base rate set by the EAJA is $125.00. 28 U.S.C. § 2412(d)(2)(A). The annual average CPI-U multipliers for 2016, 2017, and the first half of 2018 to cover the time period in which Arndt's Counsel claims work was done are 240.007, 245.120, and 250.089.[7] These inputs used in the formula as laid out in *Thangaraja* yield a rate of $192.68[8] for 2016, $196.79[9] for 2017, and $200.79[10] for 2018. Thus, Arndt's award is calculated to $8,420.12 in 2016, $4,053.87 in 2017, and $963.79 in 2018, totaling $13,437.78. After Arndt's uncontested court costs of $400 are added, the final total is $13,837.78.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, Arndt's Motion for Attorney Fees and Costs (Doc. 19) is **GRANTED**.

---

[5] 43.7 hours in 2016, 20.6 hours in 2017, and 4.8 hours in 2018.

[6] The Court has determined that no "special factors" such as the need for specialized knowledge or skill, or lack of qualified attorneys in the area, are applicable. 28 U.S.C. § 2412(d)(2)(A); *see also Thangaraja*, 428 F.3d at 876 (declining to enhance fees in the immigration law context because "distinctive knowledge" or "specialized skill" were not necessary to litigate the particular case).

[7] BUREAU OF LABOR STATISTICS, *Consumer Price Index Historical Table, U.S. City Average, All Urban Consumers (CPI-U): All Items* (2019), *available at* https://www.bls.gov/regions/midwest/data/consumerpriceindexhistorical_us_table.pdf
[8] (125 x 240.007) / 155.7
[9] (125 x 245.120) / 155.7
[10] (125 x 250.089) / 155.7

**IT IS FURTHER ORDERED** that Arndt shall be awarded her attorney fees in the amount of $13,837.78, which, if no offset is required, shall be awarded and sent directly to Arndt's Counsel, Stephanie Lake, at the address 3737 North Seventh Street, Suite 100, Phoenix, Arizona 85014.

Dated this 23rd day of August, 2019.

_____
Honorable Diane J. Humetewa
United States District Judge